Filed 2/28/25  P. v. Gomez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B329629 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA057522) |
| v. | |
| URSULA GOMEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Chestopher L. Taylor, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * * * * * *

Defendant and appellant Ursula Gomez appeals from the denial of her petition for resentencing pursuant to Penal Code section 1172.6 (former § 1170.95). We conclude the trial court erred in finding at the prima facie stage that defendant was ineligible for sentencing relief as a matter of law. We therefore reverse and remand for further proceedings pursuant to section 1172.6.

### FACTUAL AND PROCEDURAL SUMMARY

Our brief recitation of the facts from this court's prior opinion is provided for context only. We do not rely on these facts in determining whether defendant has made a prima facie showing of eligibility for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

In the early morning hours of June 22, 2003, defendant, her boyfriend Gary Rodela, and Christian Morones went to the trailer of Albert Bachelier to steal guns for the benefit of Rodela and Morones' gang, the West Side Wilmas. (*People v. Gomez* (Oct. 30, 2006, B180504) [nonpub. opn.].) Rodela and Morones were armed with guns. Defendant had a pocketknife. (*Ibid.*) After entering the trailer, defendant, Rodela and Morones threatened, searched and robbed Bachelier and his two female friends. (*Ibid.*) During the robbery, a physical altercation between Rodela, Morones and Bachelier escalated; at Rodela's direction, Morones kicked Bachelier in the head and pointed a shotgun at him. In response, Bachelier fatally shot Rodela and wounded Morones. (*Ibid.*) Defendant was uninjured and fled. (*Ibid.*)

During the 2005 jury trial, the prosecutor relied on the provocative act murder theory in arguing defendant and Morones's guilt for the death of Rodela. Defendant and Morones were found guilty by jury of first degree murder (Pen. Code,

§ 187, subd. (a)), first degree robbery while acting in concert (§ 211 & 213, subd. (a)(1)(A)), and first degree residential burglary (§ 459). (*People v. Gomez*, *supra*, B180504.) On direct appeal, this court reversed defendant's murder conviction for instructional error, remanded for further proceedings and otherwise affirmed her judgment of conviction. (*Ibid.*)

On November 2, 2009, the trial court, pursuant to a stipulation of the parties, amended the information by interlineation to add a count for voluntary manslaughter with a gang allegation (Pen. Code, § 192, subd. (a), § 186.22). Defendant admitted the gang allegation and pled no contest to voluntary manslaughter. Sentencing took place several months later in February 2010. The court sentenced defendant to 21 years in state prison (an upper term of 11 years, plus 10 years for the gang enhancement).

After defendant's judgment became final, the Legislature passed Senate Bill 1437 (2017–2018 Reg. Sess.), amending Penal Code sections 188 and 189 to narrow accomplice liability for felony murder, eliminating the natural and probable consequences doctrine as it relates to murder, and enacting section 1172.6 to provide a procedure for individuals convicted of felony murder or murder under a natural and probable consequences to petition for sentencing relief.

Although defendant had been convicted of voluntary manslaughter, she filed a petition for relief which was summarily denied because the statutory scheme did not yet afford relief to individuals convicted of voluntary manslaughter. This court affirmed the denial. (*People v. Gomez* (Feb. 3, 2021, B304593) [nonpub. opn.].)

Thereafter, Senate Bill 775 (2021–2022 Reg. Sess.) was passed, expanding the scope of those entitled to seek relief to individuals convicted of murder under any theory in which malice is imputed based solely on the individual's participation in a crime, attempted murder under the natural and probable consequences doctrine, and voluntary manslaughter.

In April 2022, defendant filed, in propria persona, her current petition for resentencing pursuant to Penal Code section 1172.6 and requested the appointment of counsel. The court appointed counsel for defendant and the People filed opposition, arguing defendant was not eligible for relief as a matter of law. Defendant, through appointed counsel, filed a reply brief.

The trial court denied defendant's petition, finding her ineligible for relief as a matter of law because the prosecution had proceeded on a theory of provocative act murder and not on any theory which fell within the purview of Penal Code section 1172.6. The court said that because provocative act murder liability requires all accomplices to act with malice, and culpability cannot be premised on imputed malice, defendant was not entitled to sentencing relief as a matter of law.

This appeal followed. We grant defendant's request to take judicial notice of the November 2, 2009 minute order reflecting defendant's no contest plea to voluntary manslaughter which apparently was inadvertently omitted from the clerk's transcript. We deny the People's request to take judicial notice of the appellate record from defendant's direct appeal, *People v. Gomez*, *supra*, B180504 as it is unnecessary to our disposition.

## DISCUSSION

"We review de novo a trial court's prima facie determination that a petitioner is ineligible for [Penal Code]

4

section 1172.6 relief as a matter of law." (*People v. Allen* (2023) 97 Cal.App.5th 389, 395; accord, *People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)  We conclude defendant's ineligibility was not established as a matter of law and therefore reverse and remand for further proceedings pursuant to section 1172.6.

Defendant contends the trial court erred in finding she was ineligible for sentencing relief as a matter of law.  She says she pled to voluntary manslaughter prior to the Supreme Court's decision in *People v. Concha* (2009) 47 Cal.4th 653, to avoid being retried on a provocative act murder theory that would impute malice to her as a nonprovocateur accomplice.  She says she is therefore entitled to a remand for an evidentiary hearing.

The People concede the only theory available to prosecute defendant for murder was a provocative act theory—the sole theory asserted by the prosecution during the 2005 jury trial—and that defendant pled to voluntary manslaughter on November 2, 2009, shortly before *Concha* was decided.  But the People, citing to *People v. McCoy* (2001) 25 Cal.4th 1111 and *People v. Cervantes* (2001) 26 Cal.4th 860, argue that the provocative act murder theory required proof of each defendant's personal malice by 2001, long before defendant pled to manslaughter.

This issue was recently addressed in *People v. Lee* (2023) 95 Cal.App.5th 1164, 1175 (*Lee*).  The defendant there had been convicted of murder in 1994 under a provocative act murder theory, and the trial court had denied the defendant's resentencing petition, finding him ineligible as a matter of law. (*Id*. at pp. 1173, 1182.)  After summarizing the development of provocative act murder doctrine in California, beginning with *People v. Washington* (1965) 62 Cal.2d 777 and *People v. Gilbert* (1965) 63 Cal.2d 690, *Lee* concluded the defendant's 1994

5

conviction did not bar him as a matter of law from relief under Penal Code section 1172.6. (*Lee,* at pp. 1174-1184.)

*Lee* explained that after *Gilbert*, provocative act murder liability required proof of malice aforethought *only* as to the provocateur, with nonprovocateur accomplices being "equally culpable '[u]nder the rules defining principals and criminal conspiracies.' " (*Lee, supra,* 95 Cal.App.5th at pp. 1177-1178.) "The Supreme Court confirmed in subsequent cases that a defendant could be guilty of provocative act murder based on the malicious and provocative acts of his confederates, *without a showing* that the defendant himself harbored malice." (*Id.* at p. 1178, italics added [and collected cases cited therein].)

*Lee* concluded the Supreme Court's decision in *Concha* was the first time the court discussed "provocative act murder in terms of the individual mental states of multiple surviving accomplices." (*Lee, supra,* 95 Cal.App.5th at p. 1180, accord, *People v. Taylor* (Feb. 11, 2025, F087652) __ Cal.App.5th __ [2025 Cal.App. Lexis 76, at p. *21.) Prior to *Concha,* "the Supreme Court had not separated out the mens rea of individual defendants in provocative act murder cases. Instead, the case law imposed culpability on all perpetrators of the underlying crime so long as the provocateur acted with malice, and did so in furtherance of the common criminal design." (*Lee,* at p. 1182; see also *People v. Mejia* (2012) 211 Cal.App.4th 586, 603-604 [citing *Concha* for the principle that with "respect to the *mental* element of provocative act murder, a defendant cannot be vicariously liable"].)

However, in *People v. Antonelli* (2023) 93 Cal.App.5th 712, review granted October 18, 2023, S281599, the court affirmed the denial of a petition filed by a defendant who had been convicted

in 1991 as a nonprovocateur accomplice. (*Id.* at p. 715.) Citing only to post-*Concha* law, *Antonelli* said the defendant was ineligible for relief because provocative act murder requires proof each surviving accomplice personally harbored malice. (*Antonelli,* at pp. 719-721.)

The Supreme Court granted review in *Antonelli* on the following issues: "(1) Is defendant entitled to resentencing pursuant to Penal Code section 1172.6 on the ground that malice could be imputed to the defendant under the provocative act theory of murder for convictions occurring before 2009 (see Sen. Bill No. 775 (2021-2022 Reg. Sess.); *People v. Concha* (2009) 47 Cal.4th 653)? (2) Did the trial court err by not considering the jury instructions in determining defendant was ineligible for resentencing as a matter of law for a provocative act murder?" (<https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2720016&doc_no=S281599&request_token=NiIwLSEnTkw9W1BRSCJNWElIUFQ0UDxTKyJOUzNRICAgCg%3D%3D> [as of Feb. 27, 2025], archived at <https://perma.cc/PN7G-9KZL>.)

Pending further guidance from the Supreme Court, we agree with *Lee*'s conclusion that *Concha* was the first to clarify the mental state required for *nonprovocateur* accomplices. We are not persuaded by the People's reliance on *McCoy* and *Cervantes* in arguing that this point was settled by 2001 when those two decisions were issued. Neither *McCoy* nor *Cervantes* specifically addressed the mental state required for a nonprovocateur accomplice in a provocative act murder case.

Defendant's pre-*Concha* plea does not establish her ineligibility for relief as a matter of law. We therefore reverse the

denial of defendant's petition and remand for further proceedings in the trial court pursuant to Penal Code section 1172.6.

## DISPOSITION

The order denying defendant and appellant Ursula Gomez's petition for resentencing is reversed. The case is remanded to the superior court with directions to issue an order to show cause and conduct an evidentiary hearing in accordance with Penal Code section 1172.6, subdivision (d), unless the parties otherwise stipulate to a disposition and waive the evidentiary hearing in accordance with the statutory scheme.


GRIMES, J.


WE CONCUR:


STRATTON, P. J.


WILEY, J.